UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER LYNN MULLIGAN,

    Plaintiff,

-vs-

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JENNIFER LYNN MULLIGAN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

1

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Pasco County, Florida; the violations described in this Complaint occurred in this District; and Experian transacts business within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

14. In or about September 2023, Plaintiff began the home buying process.

15. On or about September 6, 2023, Plaintiff applied for a loan from lender, FBC Mortgage, LLC, and as part of the application process, FBC Mortgage, LLC obtained a copy of Plaintiff's credit report. Following a review of her credit file, Plaintiff received a loan pre-approval for an unexpectedly high interest rate of over 11% and down payment requirement of at least 25%.

16. With such unfavorable loan terms, Plaintiff decided to explore rental options.

17. On or about September 24, 2023, Plaintiff submitted an application to Evernest to rent an apartment. However, to her surprise, Plaintiff's application was denied after review of her credit file.

18. On or about October 2, 2023, Plaintiff submitted an application to The Grande to rent an apartment. However, again to her surprise, Plaintiff's application was denied after review of her credit file.

19. On or about October 16, 2023, Plaintiff obtained copies of her credit report from Experian. Upon review, Plaintiff became aware of seventeen (17) accounts appearing on her credit file which did not belong to her:

| **Furnisher** | **CRA** | **Account** | **Type** | **Status** |
|---|---|---|---|---|
| Barclays Bank Delaware | Experian | x3041 | Credit Card | Pays as Agreed, Balance $495 |
| Best Buy/CBNA | Experian | x0321 | Credit Card | Closed/Never Late |
| Best Buy/CBNA | Experian | x6515 | Charge Account | Closed/Never Late |

4

| Nissan/Infiniti Motor Acceptance Corp. | Experian | x0001 | Auto Loan | Closed/Never Late |
|---|---|---|---|---|
| Planet Home Lending | Experian | x1682 | Mortgage | Closed/Never Late |
| Loancare Servicing Center | Experian | x6227 | Mortgage | Transfer or Sold/ Never Late |
| Pennymac Loan Services LLC | Experian | x1138 | Mortgage | Closed/Never Late |
| DHI Mortgage | Equifax | x0319 | Mortgage | Transfer or Sold/ Never Late |
| Roundpoint Mortgage Servicing | Experian | x1949 | Mortgage | Closed/Never Late |
| Cenlar Federal Savings Bank | Experian | x8230 | Mortgage | Transfer or Sold |
| Bank of America, N.A. | Experian | 630100*** | Auto Loan | Closed/Never Late |
| Mercedes-Benz Financial Services | Experian | 500031*** | Auto Lease | Closed/Never Late |
| Suncoast Credit Union | Experian | 644016*** | Auto Loan | Closed/Never Late |
| Suncoast Credit Union | Experian | 644016*** | Auto Loan | Closed/Never Late |
| Suncoast Credit Union | Experian | 468712*** | Credit Card | Closed/Never Late |
| US Bank | Experian | 51576**** | Auto Loan | Closed/Never Late |
| US Bank | Experian | 59708**** | Auto Lease | Closed/Never Late |

20. In response to the inaccurate reporting, on or about October 21, 2023, Plaintiff mailed detailed written dispute letters to Experian. In the dispute letter, Plaintiff advised that she believed she was a victim of a mixed file due to the erroneous accounts appearing on her credit report. To confirm her identity, images of her driver's license and Social Security card were included in the letter. Further, Plaintiff included images of the erroneous credit reporting and other supporting documents.

21. Plaintiff mailed her detailed written dispute letter via USPS Certified Mail to Experian (9589 0710 5270 1324 4315 22.

22. Despite confirmation of delivery on October 24, 2023, Plaintiff did not receive dispute results in the mail from Experian. However, upon review of her updated Experian credit report on December 20, 2023, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Comments** |
|---|---|---|
| Barclays Bank Delaware | x3041 | This item was updated from our processing of your dispute in Oct 2023 |
| Best Buy/CBNA | x0321 | This item remained unchanged from our processing of your dispute in Oct 2023 |
| Best Buy/CBNA | x6515 | Removed |
| Nissan/Infiniti Motor Acceptance Corp. | x0001 | Account previously in dispute – investigation complete; This item was updated from our processing of your dispute Nov 2023 |
| Planet Home Lending | x1682 | This item remained unchanged from our processing of your dispute in Nov 2023 |
| Loancare Servicing Center | x6227 | Completed investigation of FCRA dispute – consumer disagrees; This item was updated from our processing of your dispute in Oct 2023 |
| Pennymac Loan Services LLC | x1138 | This item was updated from our processing of your dispute in Nov 2023 |
| Roundpoint Mortgage Servicing | x1949 | Account previously in dispute – investigation complete; This item was updated from our processing of your dispute Nov 2023 |
| Cenlar Federal Savings Bank | x8230 | This item was updated from our processing of your dispute in Nov 2023 |
| Bank of America, N.A. | 630100*** | This item remained unchanged from our processing of your dispute in Oct 2023 |
| Mercedes-Benz Financial Services | 500031*** | This item was updated from our processing of your dispute in Nov 2023 |

| Suncoast Credit Union | 644016*** | Completed investigation of FCRA dispute – consumer disagrees; This item was updated from our processing of your dispute in Oct 2023 |
| Suncoast Credit Union | 644016*** | Completed investigation of FCRA dispute – consumer disagrees; This item was updated from our processing of your dispute in Oct 2023 |
| Suncoast Credit Union | 468712*** | This item remained unchanged from our processing of your dispute in Nov 2023 |
| US Bank | 51576**** | This item remained unchanged from our processing of your dispute in Oct 2023 |
| US Bank | 59708**** | This item remained unchanged from our processing of your dispute in Oct 2023 |

23. Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

24. Experian never attempted to contact Plaintiff during the alleged investigation.

25. In response to the continued inaccurate reporting, on or about January 2, 2024, Plaintiff again mailed detailed written dispute letters to Experian. In the dispute letter, Plaintiff reiterated that she believed she was a victim of a mixed file due to the erroneous accounts appearing on her credit report. To confirm her identity, images of her driver's license and Social Security card were included in the letter. Further, Plaintiff included images of the erroneous credit reporting and other supporting documents.

26. Plaintiff mailed her detailed written dispute letter via USPS Certified Mail to Experian (7022 3330 0001 4088 4775.

7

27. Despite confirmation of delivery on January 6, 2024, Plaintiff did not receive dispute results in the mail from Experian. However, upon review of her updated Experian credit report on January 22, 2024, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Comments** |
|---|---|---|
| Barclays Bank Delaware | x3041 | This item was updated from our processing of your dispute in Jan 2024 |
| Best Buy/CBNA | x0321 | This item remained unchanged from our processing of your dispute in Jan 2024 |
| Nissan/Infiniti Motor Acceptance Corp. | x0001 | Under Dispute |
| Planet Home Lending | x1682 | This item remained unchanged from our processing of your dispute in Jan 2024 |
| Loancare Servicing Center | x6227 | Completed investigation of FCRA dispute – consumer disagrees; This item was updated from our processing of your dispute in Jan 2024 |
| Pennymac Loan Services LLC | x1138 | This item was updated from our processing of your dispute in Jan 2024 |
| Roundpoint Mortgage Servicing | x1949 | Under Dispute |
| Cenlar Federal Savings Bank | x8230 | Under Dispute |
| Bank of America, N.A. | 630100*** | This item remained unchanged from our processing of your dispute in Jan 2024 |
| Mercedes-Benz Financial Services | 500031*** | This item was updated from our processing of your dispute in Jan 2024 |
| Suncoast Credit Union | 644016*** | Completed investigation of FCRA dispute – consumer disagrees; This item was updated from our processing of your dispute in Jan 2024 |
| Suncoast Credit Union | 644016*** | Completed investigation of FCRA dispute – consumer disagrees; This item was updated from our processing of your dispute in Jan 2024 |

| Suncoast Credit Union | 468712*** | This item remained unchanged from our processing of your dispute in Jan 2024 |
| US Bank | 51576**** | This item remained unchanged from our processing of your dispute in Jan 2024 |
| US Bank | 59708**** | This item remained unchanged from our processing of your dispute in Jan 2024 |

28. Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

29. Experian never attempted to contact Plaintiff during the alleged investigation.

30. Despite providing Experian with all the relevant information needed to prove she was a victim of a mixed file, Experian continued to report inaccurate and erroneous accounts. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint. Plaintiff has postponed purchasing a house due to Experian's actions and inactions.

31. Experian has never attempted to contact Plaintiff about any of her multiple disputes, and she continues to suffer as of the filing of this Complaint with Experian's reluctance to conduct a thorough investigation.

32. As a result of the inaccurate reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Loss of the ability to benefit from lower interest rates;

    v.    Denials for housing applications;

    vi.    Apprehensiveness to apply for new credit and housing due to the fear of rejection; and

    vii.    Defamation as Experian published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

33.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

34.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

35. Experian allowed for numerous Furnishers to report inaccurate information on an account.

36. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

37. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

38. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

39. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

40. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Willful)

42. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

43. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Experian is aware of the different PII being provided by the furnishers, yet it continues to report the wrong tradelines for Plaintiff.

44. Experian allowed for numerous Furnishers to report inaccurate information on an account.

45. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

46. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

47. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

48. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

49. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

50. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and

severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

51. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

52. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

53. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

54. Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file. Experian ignored this information and failed to respond to Plaintiff's disputes.

55. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

56. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

58. Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

59. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

60. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

61. Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file. Experian ignored this information and failed to respond to Plaintiff's disputes.

62. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

63. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-

judgment interest at the judgment rate; and such other relief the Court deems just and proper.

     DATED this 30th day of January 2024.

Respectfully Submitted,

***/s/ Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Secondary email:
Lisa@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*
